413 So.2d 925 (1982)
W. E. GROVES
v.
ROSEMOUND IMPROVEMENT ASSOCIATION, INC., et al.
No. 14636.
Court of Appeal of Louisiana, First Circuit.
April 13, 1982.
Rehearing Denied May 25, 1982.
*926 Eugene R. Groves, Baton Rouge, for plaintiff-appellee W. E. Groves.
M. Aubrey McCleary, Rolfe H. McCollister, Baton Rouge, for defendant-appellant, Rosemound Improvement Ass'n, Inc., and Lloyd L. Lindsey, Jr.
Before ELLIS, PONDER and SAVOIE, JJ.
ELLIS, Judge.
In this suit plaintiff W. E. Groves seeks, by mandamus, to compel Rosemound Improvement Association, Inc. and Lloyd L. Lindsey, Jr., its president, to recognize his right to vote 220 shares of stock with 220 votes at shareholders' meetings. The defense is that plaintiff transferred all of his ownership interest in Rosemound to Mr. Lindsey and Ruth Rhodes Lindsey by act of exchange dated March 30, 1977.
After trial, judgment was rendered making the writ of mandamus peremptory and recognizing plaintiff's right to vote 220 shares of stock with 220 votes at any stockholders' meeting of Rosemound. From this judgment defendants have appealed.
In reaching his conclusion the trial judge found that, since the stock held by Mr. Groves had never been transferred out of his name on the books of the corporation, he was the registered owner thereof and entitled to vote. The trial judge relied on the Uniform Stock Transfer Act, as amended by Title 10 of the Revised Statutes.
We have reviewed the entire record, including some evidence which was excluded by the trial judge, but which is in the record by way of proffer. We find that Rosemound Improvement Association, Inc. was organized as a non-profit corporation on July 29, 1960. Its purpose is to promote the orderly development of Rosemound subdivision and recreation area. Article IX of its charter provides:
"Membership shall be open generally to prospective land and home owners upon their approval by the membership committee, and also to their families. Membership in this association shall be based upon the purchase of one share of stock and the payment of such dues and assessments as may be fixed by the Board of Directors. Stock certificates herein shall not be transferable except back to the corporation. Each shareholder shall be entitled to one vote at all membership meetings which said vote may be in person or by written proxy."
After a number of years, there was a disagreement between Mr. Groves and Mr. Lindsey and, in an effort to settle their differences, they executed an act of exchange on March 30, 1977, which contained a number of undertakings on the part of both parties. One of the provisions of the agreement reads as follows:
"14. Gladys Rhodes Groves and William E. Groves do further transfer, convey and deliver unto Lloyd L. Lindsey and Ruth Rhodes Lindsey all of their ownership in Rosemound Improvement Association, Inc., represented by the following stock certificates."
No specific stock certificates are described in the act, nor were any certificates endorsed or delivered by Mr. Groves at the *927 time of its execution. It is undisputed that, after the execution of the act of exchange, both parties became dissatisfied, and all of the provisions and conditions thereof have not been fulfilled by either party. The validity of the agreement is presently being litigated in another court, and it appears that other suits have been filed.
Under the circumstances, we find that the trial judge properly resolved the issue. The record is not sufficient to enable the court to make a determination as to ownership. The agreement to transfer stock to Mr. Lindsey flies in the face of the charter provision above quoted, which permits the transfer of stock only back to the corporation. The provisions of R.S. 12:601 and R.S. 10:8-301 et seq. are designed to delineate the circumstances under which ownership of stock may be acquired and the rights of such ownership may be exercised. It is clear that the registered owner of stock is considered as the owner thereof for all corporate purposes, including the right to vote the stock.
However, we find the trial court erred in permitting Mr. Groves one vote for each share of stock. The above quoted charter provision states that each shareholder shall be entitled to one vote at all membership meetings. R.S. 12:232 A provides, in part, as follows:
"Unless otherwise provided in the articles or by-laws, every member of a corporation shall be entitled to one vote, or if a shareholding member, one vote for each share standing in his name on the books of the corporation; ..."
R.S. 12:210 E provides, in part:
"Except as otherwise provided by law or by the articles or by-laws, each share shall entitle the holder to one vote...."
It is clear that the articles of incorporation prevail over the above provisions. We do not believe that the fact that there is language on the reverse of the stock certificates which states that voting is by shares can prevail over the explicit provisions of the articles of incorporation. The positive language of R.S. 12:210 E and 232 A, supra, controls.
The judgment appealed from is therefore affirmed insofar as it orders the defendants to permit Mr. Groves to vote at membership meetings, but reversed insofar as it permits him to have one vote for each share of stock, and there will be judgment herein making the writ of mandamus peremptory recognizing the right of W. E. Groves to vote one vote at any membership or shareholders' meeting of Rosemound Improvement Association, Inc. All costs shall be equally shared by the parties hereto.
AFFIRMED IN PART, REVERSED IN PART AND RENDERED.